UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO VALLEY ENGERGY SYSTEMS CORP., et al., | ) ) ) | CASE NO. 4:09CV1972 |
| PLAINTIFFS, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) ) | OPINION AND ORDER |
| AMERICAN INTERNATIONAL SPECIALTY CO., et al. | ) ) ) ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on two motions. First, Defendant Chartis Specialty Insurance Company ("Chartis") has moved for leave to file a Cross-Claim against Co-Defendant Greenwich Insurance Company ("Greenwich"). (Doc. No. 32.) Second, Plaintiffs Ohio Valley Energy Systems, Corp. ("Ohio Valley") and Wildcat Drilling, LLC ("Wildcat") seek leave to file a Second Amended and Supplemental Complaint. (Doc. No. 34.) Both motions are unopposed.

Ohio Valley is engaged in the business of acquiring and developing natural gas properties. Wildcat is engaged in the business of contract drilling oil and natural gas wells. Plaintiffs are insureds under policies issued by Defendant American International Specialty Lines Insurance Company ("AISLIC") and Greenwich. Plaintiffs allege that AISLIC and Greenwich have refused to honor their obligations as to defense

and indemnification under the policies. Along with its answer, Greenwich filed a cross-claim against Chartis.

In their motion to amend, Plaintiffs seek leave to add claims against Greenwich and AISLIC which it claims were not ripe at the time Plaintiffs filed their First Amended Complaint. By its motion, Chartis seeks to file a cross-claim against Greenwich for equitable and/or legal contribution resulting from Greenwich's obligation to defend Plaintiffs.

After a responsive pleading is filed, the complaining party may amend the pleadings only by leave of court. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id*. The decision whether to permit the amendment is committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion is, however, "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

"Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint." *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir. 1986)). When a party has delayed in seeking amendment, the court weighs the cause shown for the delay against the resulting prejudice to the opposing party. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "In determining what constitutes prejudice, the court

considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*, 30 F.3d at 662-63 (citation omitted). The longer the period of unexplained delay, the less prejudice the adverse party will be required to show to defeat the motion. *Id*. at 662 (citation omitted).

The Court finds no evidence of undue delay, prejudice to opposing parties, or a repeated failure to cure deficiencies in the pleadings. Both motions are timely. In the CMPTO, the Court set February 1, 2010 as the deadline for amending pleadings. Chartis' motion (filed January 13, 2010) was filed two weeks before the deadline, and Plaintiffs' motion was filed on the February 1st deadline. Further, there is no evidence that either motion was the product of undue delay or procrastination. In addition, the Court finds that no prejudice will flow from the granting of either motion. The proposed amendments come at the early stages of this lawsuit, with substantial time left for discovery. Finally, Chartis' motion represents its first request to amend its pleadings, and Plaintiffs represent that the new claims alleged in the Second Amended Complaint were not ripe at the time Plaintiffs filed their First Amended Complaint. Therefore, neither Plaintiffs nor Chartis have demonstrated a repeated failure to cure deficiencies in the pleadings.

In light of the mandate of Rule 15(a) that leave should be "freely" given, the Court rules that "justice so requires" that the motions to amend be granted. *See* Fed. R. Civ. P. 15(a). The Court, therefore, **GRANTS** Plaintiffs' Motion for Leave to Amend and Supplement Complaint and Chartis' Motion for Leave to File Cross-Claim against

3

Greenwich. Plaintiffs' Second Amended Complaint (Doc. No. 34, Ex. 1) and Chartis' Cross-Claim (Doc. No. 32, Ex. A) shall be deemed filed as of the date of this order.

**IT IS SO ORDERED**.

Dated: March 11, 2010

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**